FILED _____ LODGED
_____ RECEIVED

Nov 22, 2022

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

Hon. Karen L. Strombom

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | CASE NO.   MJ22-5264 |
|---|---|
| Plaintiff | COMPLAINT for VIOLATION |
| v. | |
| ERICK GUERRERO-ACOSTA, aka "Geovany Garcia-Lopez," | |
| Defendant. | |

BEFORE the Honorable Karen L. Strombom, United States Magistrate Judge, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### (*Conspiracy to Distribute Controlled Substances*)

Beginning at a time unknown, and continuing until at least November 22, 2022, in Pierce County, within the Western District of Washington, and elsewhere, ERICK GUERRERO-ACOSTA, aka "Geovany Garcia-Lopez," and others known and unknown, did knowingly and intentionally conspire to distribute controlled substances, including methamphetamine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), substances controlled under Title 21, United States Code.

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

It is further alleged that defendant's conduct as a member of the conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count 1, involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

It is further alleged that defendant's conduct as a member of the conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count 1, involved 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(b)(1)(A).

## COUNT 2

### (Possession With Intent to Distribute Controlled Substances)

On or about November 22, 2022, in King County, within the Western District of Washington, ERICK GUERRERO-ACOSTA, aka "Geovany Garcia-Lopez," did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine and fentanyl, substances controlled under Title 21, United States Code.

It is further alleged that the offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

It is further alleged that the offense involved 500 grams or more of a mixture or substance containing a detectable amount of fentanyl.

It is further alleged that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

I, Jonathan Royer, being first duly sworn on oath, depose and say:

**AFFIANT BACKGROUND AND EXPERIENCE**

1.      I am a Special Agent (SA) of the Drug Enforcement Administration (DEA), currently assigned to the DEA Tacoma Resident Office in the Seattle Field Division. I am a criminal investigator of the United States within the definition of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 and Title 18 United States Code.

2.      I have been a Special Agent with the DEA since August 2020. Prior to my employment with DEA, I served on active duty from 2006 to 2020 in the United States Marine Corps.  I received formal training at the DEA Basic Agent Training in Quantico, Virginia. The four-month Basic Academy included comprehensive, formalized instruction in, among other things: basic narcotic investigations, drug identification and detection, familiarization with United States narcotics laws, financial investigations and money laundering, identification and seizure of drug-related assets, organized crime investigations, physical and electronic surveillance, and undercover operations.

3.      During the course of my law enforcement career, I have been involved in investigations of numerous criminal offenses, including the offenses involved in the current investigation. I have participated in criminal investigations of illicit drug trafficking organizations, ranging from street-level dealers to major dealers, including drug trafficking organizations linked to Mexico-based organizations. These investigations have also included the unlawful importation, possession with intent to distribute, and distribution of controlled substances; the related laundering of monetary instruments; the conducting of monetary transactions involving the proceeds of specified unlawful activities; and conspiracies associated with criminal narcotics offenses. These investigations have included use of the following investigative techniques: confidential informants; undercover agents; analysis of pen register and toll records; physical and electronic surveillance; wiretaps; and the execution of search warrants. I have also interviewed defendants at the time of their arrests and have debriefed, spoken with, or

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

interviewed numerous drug dealers or confidential sources (informants) at proffer interviews who were experienced in speaking in coded conversations over the telephone. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of cellular telephones and other electronic devices to facilitate communications while avoiding law enforcement scrutiny.

4.      I have authored, planned, and participated in the execution of search warrants authorizing the search of locations associated with drug traffickers and their co-conspirators, such as residences, businesses, storage facilities, and vehicles. Additionally, I have authored and supervised the execution of numerous tracking warrants, including multiple state and federal tracking warrant affidavits for vehicles and cellular telephones. I have testified at grand jury proceedings and written reports in the course of investigations. These investigations have resulted in numerous state and federal prosecutions of individuals who have possessed, imported, or distributed controlled substances, including methamphetamine, heroin, cocaine, and fentanyl, as well as the seizure of those illegal drugs and the proceeds from their sale.

5.      The facts set forth in this complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this complaint is submitted for the limited purpose of establishing probable cause in support of the arrest of ERICK GUERRERO-ACOSTA, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## BACKGROUND OF INVESTIGATION

6.      In February 2022, DEA agents began an investigation into a drug trafficking organization (DTO) operating out of Sinaloa, Mexico. Agents received

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

information that the group used semi-tractor trailers to transport drugs from Mexico to multiple cities in Washington, including Tacoma, Kent, Yakima, and Spokane, with a tractor trailer transporting a specific drug, for instance methamphetamine, heroin, fentanyl, or cocaine. and that there was also a designated tractor trailer to pick up drug proceeds.

## THE INVESTIGATION

### *Controlled Purchase of Methamphetamine*

8.      In August 2022, SAs and Task Force Officers (TFO) of the Seattle Field Division (SFD), Tacoma Resident Office (TRO), and agents from Homeland Security Investigation (HSI) – Seattle, met with a confidential source in order to conduct a controlled purchase of narcotics from a suspected associate of the DTO.

9.      Once at the meeting location, agents searched the confidential source's vehicle and person for money, drugs, weapons, or contraband with negative results. Shortly thereafter, agents directed the confidential source to contact a known source of supply of narcotics to attempt to set up a purchase of approximately five pounds of methamphetamine. In the presence of DEA agents, the confidential source made a recorded phone call to the source of supply and asked for five pounds of methamphetamine, and the source of supply provided a price and indicated to the confidential source that his courier was busy. Sometime later, the source of supply contacted the confidential source via WhatsApp and told the confidential source that the courier would be in contact.

10.      A few minutes later, the confidential source received a phone call from (206) 944-8824 (TT12), and an individual using TT12 confirmed the location of the deal. Agents later determined TT12 to be subscribed to "Geovany Garcia-Lopez" at 7 Madison Street, Everett, Washington 98203.

11.      Agents gave the confidential source the money for the purchase of narcotics, equipped the confidential source with a listening and recording device, and directed the confidential source to drive to the deal location. Surveillance was maintained

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

on the confidential source along the entire route.

12. Shortly thereafter, surveillance agents, prepositioned at the deal location, observed the confidential source arrive and park. Agents observed, utilizing real time audio and video from the recording device, that the confidential source received a call from the same phone saying that he (the courier) was close and would arrive at the deal location soon. A few minutes later, agents observed a vehicle circling the parking lot, identified as a white Volkswagen Jetta, bearing Washington license plate CCM5145, which agents determined through Washington Department of Licensing information to be registered to "Geovany Garcia Lopez" at 4011 S 146th street, Apartment 201, Tukwila, WA 98168 (referred to hereinafter as Target Vehicle 4 or TV4). A short time after, agents witnessed TV4 park next to the confidential source's vehicle. The driver exited TV4, retrieved a large white weighted shopping bag from the back seat, walked to the confidential source's vehicle, and handed it to the confidential source through the driver's window. The individual entered the front passenger door of the confidential source's vehicle, and once inside, agents observed, utilizing the live audio and video footage from the recording device, the confidential source hand the individual the funds to complete the deal, which the individual began to count, stopping after appearing to confirm from the confidential source that it was all there. At the conclusion of the deal, the confidential source asked the individual what his name was, and he answered, "Geovany," which agents believed was a possible match with the registered owner of TV4 and subscriber of TT12, Geovany Garcia-Lopez. Shortly thereafter, the confidential source departed the location and drove to a pre-determined location to meet with agents. Surveillance was maintained on the confidential source's vehicle along the entire route.

13. Upon meeting with the confidential source, agents searched the confidential source's vehicle and person with negative results. They then took possession of the listening/recording device and the white weighted shopping bag, which contained a shoe box. Inside the shoe box there were three clear zip-lock bags containing a clear crystalized substance, consistent with methamphetamine, with an approximate weight of

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

five pounds. Based on my training, experience, and the events that took place during the controlled buy, I believe that the individual holding himself out as "Geovany Garcia-Lopez" delivered approximately five pounds of methamphetamine to the confidential informant.

**Warrants and Surveillance of "Geovany"**

14.     On September 1, 2022, the United States Magistrate Judge Theresa L. Fricke granted a search warrant for GPS location information and a pen register/trap and trace device for TT12 and authorized a GPS tracking device for TV4. On October 14, 2022, the United States Magistrate Judge J. Richard Creatura signed a second application for GPS location and pen register information for TT12. Agents conducted surveillance on "Geovany" and witnessed several instances of suspected drug activity. As a result of surveillance from the time of the controlled purchase in August 2022 to November 2022, agents were able compile location data and conduct surveillance to determine movement patterns of "Geovany," and learned that he frequents 4011 S 146th St., Apt 201, Tukwila, Washington. On November 21, 2022, United States Magistrate Judge Karen L. Strombom authorized a search warrant for this location.

**Search and Arrest of GUERRERO-ACOSTA**

15.     On November 22, 2022, DEA prepared to execute the search warrant at 4011 S 146th St., Apt 201, Tukwila, Washington. Prior to executing the search warrant, agents observed the individual known to agents as "Geovany" enter a Dodge Charger and drive away from the location. A traffic stop was conducted on the Dodge Charger. A drug detecting canine was brought to the vehicle and alerted, and a subsequent search of the vehicle revealed several apparent controlled substances, including the following:

a.     A clear crystalline substance, suspected to be methamphetamine, wrapped in plastic, located in a diaper box in the back seat of the Dodge Charger. The suspected methamphetamine was weighed with the plastic packaging, and determined to weigh approximately 7,726 gross grams;

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

b. Multiple clear plastic bags containing suspected fentanyl pills. The pills in the bags consisted of two types: blue pills and rainbow-colored pills. All of the pills appeared to be marked with "M" and "30," which is consistent with the typical manufacture of counterfeit oxycodone pills containing fentanyl. The suspected fentanyl pills were weighed with their packaging, and determined to weigh approximately 13 kilograms;

c. Three packages containing a white powder suspected to be fentanyl. The suspected powdered fentanyl packages were weighed with their packaging, and determined to weigh approximately 1,368 grams.

16. Each of the above controlled substances were tested with the TruNarc narcotics analyzer system, with each testing with a presumptive positive result for the type of suspected controlled substance listed above.

17. Agents found a backpack located on the front seat of the Dodge charger which contained two scales, as well as a bulk quantity of United States currency.

18. Also located in the vehicle were two cellular phones. It should be noted that GPS location information for TT12 that was being tracked pursuant to a search warrant appeared to move along with the Dodge Charger as left the residence.

19. In addition, agents located a loaded firearm, namely, a Springfield model XD-9 9mm caliber handgun, in the glove compartment of the Dodge Charger. Based on my training and experience, I am aware that individuals engaged in drug trafficking commonly carry firearms on their person or in their vehicles in furtherance of their drug trafficking, specifically, in order to protect themselves, their drugs, and their drug proceeds while distributing or transporting controlled substances.

20. The driver of the Dodge Charger was given a Miranda admonition. While being booked into custody, the driver stated that he uses the name Geovany Garcia-Lopez, but that his real name is ERICK GUERRERO-ACOSTA. I ran a criminal history check for GUERRERO-ACOSTA and confirmed this is his true identity. According to criminal history records, GUERRERO-ACOSTA has a prior conviction for illegal reentry

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

of a deported alien, which he was sentenced to 42 months' imprisonment.

**CONCLUSION**

13. Based on the foregoing, I believe probable cause exists that ERICK GUERRERO-ACOSTA did knowingly conspire to distribute methamphetamine, and did possesses with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

DATED this 29 day of November, 2022.

Jonathan Royer, Complainant
Special Agent, DEA

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

KAREN L. STROMBOM
United States Magistrate Judge

COMPLAINT / U.S. v. ERICK GUERRERO-ACOSTA
USAO # 2022R01297

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800